Jeffrey E. Goldman
LAW OFFICES OF JEFFREY E. GOLDMAN
260 Madison Avenue, 15th Floor
New York, NY 10016
212-983-8999
646-693-2289 (fax)

D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA
Collective and Sub-Collective Plaintiffs, and
proposed Class and Sub-Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

| | |
|---|---|
| **BUDDY DAVID, on behalf of himself and others similarly situated,** | **Case No: 1:26-cv-3320** |
| **Plaintiff,** | **COMPLAINT** |
| | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **v.** | |
| **ERMINIA RESTAURANT CORP., d/b/a LATTANZI CUCINA ITALIANA, and ALESSANDRO LATTANZI,** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

-------------------------------------------------------x

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because

this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  This

Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant Erminia Restaurant Corp. ("Erminia") is a New York corporation that owns and operates Lattanzi Cucina Italiana ("Lattanzi") in Manhattan, New York.

5. Erminia has annual gross sales in excess of $500,000.

6. Erminia has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

7. Defendant Alessandro Lattanzi ("A. Lattanzi"), known to employees as "Alex," is an owner of Erminia. He is frequently present at Lattanzi and has ultimate authority over employment practices, including hiring, firing, and pay practices.

8. Upon information and belief, A. Lattanzi decides when employees are paid. To be sure, he sends employees text messages telling them when they will be paid.

9. A. Lattanzi fired an employee who complained about not being paid for several weeks.

10. According to a February 13, 2025 article in the New York Times, A. Lattanzi "helps run" Lattanzi.

11.     Plaintiff Buddy David was employed by Defendants as a server at Lattanzi from approximately 2022 to 2026.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

12.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants at Lattanzi on or after the date that is three years before the filing of the Complaint in this case ("FLSA Collective Plaintiffs").

13.     Plaintiff brings the Third and Fourth Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees employed by Defendants at Lattanzi on or after the date that is three years before the filing of the Complaint in this case ("FLSA Sub-Collective Plaintiffs").

14.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs and FLSA Sub-Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of failing to pay minimum wage and overtime compensation and willfully retaining their tips.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective and Sub-Collective Plaintiffs.

15.     The First, Second, Third, and Fourth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective and Sub-Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and contact information are readily available from the Defendants.  Notice can be provided to the FLSA Collective and Sub-Collective

3

Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

1. Plaintiff brings the Fifth, Sixth, and Seventh Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP"), Rule 23, on behalf of all non-exempt employees employed by Defendants at Lattanzi on or after the date that is six years before the filing of the Complaint in this case (the "Class").

2. Plaintiff brings the Eighth, Ninth, and Tenth Claims for relief pursuant to FRCP 23 on behalf of all tipped employees employed by Defendants at Lattanzi on or after the date that is six years before the filing of the Complaint in this case (the "Sub-Class").

3. The Class Members and Sub-Class Members are readily ascertainable. The number and identity of the Class and Sub-Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class and Sub-Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

4. The proposed Class and Sub-Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of both the Class and Sub-Class.

5. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class or Sub-Class, and the relief sought is typical of the relief which would be sought by

each member of the Class or Sub-Class in separate actions. All the Class and Sub-Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to timely pay wages; failure to pay minimum wage, overtime and spread of hours compensation; illegally retaining tips; and failing to provide required wage notices. Defendants' corporate-wide policies and practices affected all Class and Sub-Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class and Sub-Class Member. Plaintiff and other Class and Sub-Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

6. Plaintiff is able to fairly and adequately protect the interests of the Class and Sub-Class and has no interests antagonistic to the Class or Sub-Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

7. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class and Sub-Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class and Sub-Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of

individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class and Sub-Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and Sub-Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

8. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

9. There are questions of law and fact common to the Class and Sub-Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class Members within the meaning of New York law.

b) Whether Defendants timely paid Plaintiff and the Class Members.

c) Whether Defendants paid Plaintiffs and the Sub-Class Members the minimum wage for all hours worked.

6

d)      Whether Defendants paid Plaintiffs and the Sub-Class Members the proper overtime rate for all hours worked.

e)      Whether Defendants paid Plaintiffs and the Class Members a spread of hours premium when their workdays spanned more than 10 hours.

f)      Whether Defendants illegally distributed Plaintiff's and the Sub-Class Members' tips to Defendants' agents.

g)      Whether Defendants provided Plaintiffs and the Class members with the proper wage notices.

## FACTS

10.     Plaintiff's Consent to Sue form is attached as Exhibit A.

11.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

12.     At all relevant times, Defendants maintained weekly pay periods at Lattanzi, running from Monday to Sunday.  The scheduled payday is the Friday after the end of the pay period, *i.e.*, five days after the end of the pay period.

13.     Defendants frequently failed to pay employees on their scheduled pay day.  For example, for the week ending May 4, 2025, Defendants paid employees on May 27, 2025, 23 days after the end of the pay period.  For the week ending August 31, 2025, Defendants paid employees on September 25, 2025, 25 days after the end of the pay period.  For the week ending November 2, 2025, Defendants paid employees on November 19, 2025, 17 days after the end of the pay period.  For the week ending November 16, 2025, Defendants paid employees on December 5, 2025, 19 days after the end of the pay period.

7

14. When Defendants paid employees late, they failed to timely pay minimum wage and overtime compensation due under the Fair Labor Standards Act.

15. In addition, as restaurant employees (*i.e.*, servers, runners, bussers, bartenders, cooks, and dishwashers), Plaintiff and the Class Members were manual workers who spent the majority of their work time performing manual work such as standing, walking, carrying items, and cleaning.

16. Because Plaintiff and the Class Members were manual workers, under the New York Labor Law Defendants were required to pay them weekly and not more than seven days after the end of the workweek. Defendants violated this provision of the New York Labor Law every time they paid Class Members later than seven days after the end of the workweek.

17. Every time that Defendants paid Plaintiff and the Class Members late, Defendants deprived them of the use of money that belonged to them. As a result, Plaintiff and the Class Members were unable to do those things that every person does with their money, such as paying bills or buying goods that they needed or wanted to buy. Moreover, by retaining money that belonged to Plaintiff and the Class Members, Plaintiff and the Class Members lost the time value of money.

18. Defendants paid Plaintiff pursuant to a tip credit, which resulted in a pay rate below the full New York minimum wage.

19. Defendants were not entitled to pay Plaintiff less than the full minimum wage because Defendants did not give Plaintiff proper written notice of the minimum wage.

20. In fact, Defendants never provided Plaintiff with any written wage notice. Because Defendants did not provide Plaintiff with a written wage notice that included notice of the tip credit, Defendants' use of a tip credit was an underpayment of wages. In other words, Defendants'

violation of the New York Labor Law's wage notice requirement resulted in Plaintiff being paid less than he was entitled to.

21. Moreover, Defendants' failure to provide Plaintiff with a wage notice stating his scheduled payday hindered his ability to demand timely payment from Defendants and enabled Defendants' late payment of wages.

22. In addition, at times Defendants paid Plaintiff less than the New York tip credit minimum wage.

23. For instance, in 2025 Defendants paid Plaintiff $10.65 per hour, even though the tip credit minimum wage was $11 per hour.

24. When Defendants paid Plaintiff for overtime hours, Defendants paid him less than the full overtime rate to which he was entitled.

25. For instance, Defendants paid Plaintiff for 47.15 hours in the week ending November 16, 2025. Defendants paid him $10.65 per hour for the first 40 hours and $15.975 per hour for the 7.15 overtime hours. However, because in 2025 the full minimum wage was $16.50 per hour and the tip credit minimum wage was $11 per hour, the correct overtime rate without a tip credit was $24.75 per hour, and the tip credit overtime rate was $19.75 per hour.

26. Plaintiff worked double shifts – *i.e.*, lunch and dinner on the same day – most weeks. Plaintiff's double shifts started at 11 am, and they sometimes lasted until 11 pm. However, Defendants did not pay Plaintiff a spread of hours premium when his workdays spanned more than 10 hours.

27. Tips at Lattanzi were distributed through a tip pool.

9

28.     The tip pool included a captain named Andres.  Andres was not eligible to participate in the tip pool because he exercised managerial authority.  Specifically, Andres set employees' schedules and had hiring and firing authority.

29.     Defendants committed the foregoing acts against Plaintiff, the FLSA Collective and Sub-Collective Plaintiffs, and the Class and Sub-Class Members.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**)

30.     Plaintiff realleges and incorporates by reference all preceding paragraphs.

31.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

32.     At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

33.     Defendants willfully failed to timely pay Plaintiff and the FLSA Collective Plaintiffs all minimum wage compensation they were due.

34.     As a result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective Plaintiffs are entitled to recover liquidated damages, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**)

35.     Plaintiff realleges and incorporates by reference all preceding paragraphs.

36. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

37. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

38. Defendants willfully failed to timely pay Plaintiff and the FLSA Collective Plaintiffs all overtime compensation they were due.

39. As a result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective Plaintiffs are entitled to recover liquidated damages for late paid wages, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

<u>**THIRD CLAIM FOR RELIEF**</u>
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Himself and the FLSA Sub-Collective Plaintiffs**)

40. Plaintiff realleges and incorporates by reference all preceding paragraphs.

41. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

42. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

43. Defendants paid Plaintiff and the FLSA Sub-Collective Plaintiffs an overtime rate that was less than the proper rate.

44. As a result of Defendants' unlawful conduct, Plaintiff and the FLSA Sub-Collective Plaintiffs are entitled to recover their unpaid overtime compensation, liquidated damages,

attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 203(m)**
**Brought by Plaintiff on Behalf of Himself and the FLSA Sub-Collective Plaintiffs)**

45. Plaintiff realleges and incorporates by reference all preceding paragraphs.

46. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

47. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Sub-Collective Plaintiffs.

48. Defendants knowingly retained/misappropriated gratuities belonging to Plaintiffs and the FLSA Sub-Collective Plaintiffs.

49. As a result of Defendants' unlawful conduct, Plaintiff and the FLSA Sub-Collective Plaintiffs are entitled to recover their unpaid gratuities, liquidated damages, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
**(New York Late Payment of Wages, N.Y. Lab. L. §§ 190 et seq.**
**Brought by Plaintiff on Behalf of Himself and the Class)**

50. Plaintiff realleges and incorporates by reference all preceding paragraphs.

51. Defendants did not pay Plaintiff and the Class Members on a weekly basis no later than seven days after the end of the workweek or on a regular payday no less frequently than semi-monthly.

52. Defendants did not pay Plaintiff and the Class Members on their regularly scheduled payday.

53. As a result of Defendants' unlawful conduct, Plaintiff and the Class Members are entitled to recover liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
**(New York Spread of Hours Violations – 12 NYCRR 146-1.6**
**Brought By Plaintiff on Behalf of Himself and the Class)**

54. Plaintiff realleges and incorporates by reference all preceding paragraphs.

55. Defendants did not pay Plaintiff and the Class Members New York's spread of hours premium when their workdays spanned more than 10 hours.

56. As a result of Defendants' unlawful conduct, Plaintiff and the Class Members are entitled to recover their unpaid spread of hours compensation, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**Brought By Plaintiff on Behalf of himself and the Class)**

57. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

58. Defendants did not provide Plaintiff and the Class Members with the wage notices required by N.Y. Lab. Law §§ 195(1).

59. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class Members are entitled recover penalties under N.Y. Lab. L. § 198, post-judgment interest, and attorneys' fees and costs.

13

**EIGHTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b**
**Brought By Plaintiff on Behalf of Himself and the Sub-Class)**

60.     Plaintiff realleges and incorporates by reference all preceding paragraphs.

61.     Defendants misappropriated portions of Plaintiff's and the Sub-Class Members' tips.

62.     As a result of Defendants' unlawful conduct, Plaintiff and the Sub-Class Members are entitled to recover their misappropriated tips, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

**NINTH CLAIM FOR RELIEF**
**(New York Minimum Wage Violations – N.Y. Lab. L. § 652, 12 NYCRR § 146-1.3**
**Brought By Plaintiff on Behalf of Himself and the Sub-Class)**

63.     Plaintiff realleges and incorporates by reference all preceding paragraphs.

64.     Defendants failed to pay Plaintiff and the Sub-Class Members the required New York State minimum wage for all hours worked.

65.     As a result of Defendants' unlawful conduct, Plaintiff and the Sub-Class Members are entitled to recover their unpaid minimum wage compensation, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

**TENTH CLAIM FOR RELIEF**
**(New York Overtime Violations – 12 NYCRR § 146-1.4**
**Brought By Plaintiff on Behalf of Himself and the Sub-Class)**

66.     Plaintiff realleges and incorporates by reference all preceding paragraphs.

67.     Defendants failed to pay Plaintiff and the Sub-Class Members the required overtime rate for all overtime hours worked.

68.     As a result of Defendants' unlawful conduct, Plaintiff and the Sub-Class Members are entitled to recover their unpaid overtime compensation, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

14

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective and Sub-Collective Plaintiffs and the Class and Sub-Class Members, prays for relief as follows:

A.  Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all FLSA Collective and Sub-Collective Members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.  Designation of Plaintiff as Representative of the FLSA Collective and Sub-Collective Plaintiffs;

C.  Designation of this action as a class action pursuant to F.R.C.P. 23.

D.  Designation of Plaintiff as Representative of the Class and Sub-Class.

E.  An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.  Penalties available under applicable laws;

G.  Costs of action incurred herein, including expert fees;

H.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I.  Pre-judgment and post-judgment interest, as provided by law; and

J.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
April 22, 2026

By: /s/ Denise A. Schulman
D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
Tel: (212) 688-5640
Fax: (212) 981-9587

Jeffrey E. Goldman
LAW OFFICES OF JEFFREY E.
GOLDMAN
260 Madison Avenue, 15th Floor
New York, NY 10016
Tel: 212-983-8999
Fax: 646-693-2289

*Attorneys for Named Plaintiff, proposed FLSA*
*Collective and Sub-Collective Plaintiffs, and*
*proposed Class and Sub-Class*

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.