UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUDDY DAVID, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ERMINIA RESTAURANT CORP., d/b/a LATTANZI CUCINA ITALIANA, and ALESSANDRO LATTANZI, <br><br> Defendants. | Case No.: 1:26-cv-03320-GHW <br><br><br> **ANSWER** |

Defendants Erminia Restaurant Corp., d/b/a Lattanzi Cucina Italiana, and Alessandro Lattanzi (collectively, "Defendants"), by and through their undersigned counsel, as and for their Answer to the Complaint (the "Complaint") of Plaintiff Buddy David ("Plaintiff"), on behalf of himself and all others similarly situated, state as follows:

1.      Paragraph 1 of the Complaint contains one or more legal conclusions to which no responsive pleading is required. To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

2.      Paragraph 2 of the Complaint contains one or more legal conclusions to which no responsive pleading is required. To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

3.      Paragraph 3 of the Complaint does not contain any factual allegations to which a responsive pleading is required.

4.      Defendants admit the allegations in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint does not allege a specific time period in connection with its allegation that "Erminia has annual gross sales in excess of $500,000." As such,

1

4925-3041-7849, v. 1

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains one or more legal conclusions to which no responsive pleading is required. To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

7. Defendants admit that Alessandro Lattanzi is an owner of Erminia Restaurant Corp. The remainder of the allegations in paragraph 7 of the Complaint contain one or more legal conclusions to which no responsive pleading is required. To the extent there are any additional factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit that Plaintiff was employed by Erminia Restaurant Corp. as a server from approximately 2022 to 2026, and deny the remaining allegations contained in paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint purports to describe the relief sought by Plaintiff and does not contain any factual allegations to which a responsive pleading is required. To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

13. Paragraph 13 of the Complaint purports to describe the relief sought by Plaintiff and does not contain any factual allegations to which a responsive pleading is required. To the

2

extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

14.     Paragraph 14 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

15.     Paragraph 15 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

16.     Paragraph 16 of the Complaint purports to describe the relief sought by Plaintiff and does not contain any factual allegations to which a responsive pleading is required.[1]  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

17.     Paragraph 17 of the Complaint purports to describe the relief sought by Plaintiff and does not contain any factual allegations to which a responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

18.     Paragraph 18 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

---

[1]     Paragraph 16 of the Complaint is incorrectly styled as paragraph 1, and each paragraph thereafter proceeds in numerical order therefrom.  For the purposes of this Answer, each paragraph in the Complaint is responded to in numerical order as if the Complaint correctly labeled such paragraphs.

19.    Paragraph 19 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

20.    Paragraph 20 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

21.    Paragraph 21 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

22.    Paragraph 22 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

23.    Paragraph 23 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  Paragraph 23 of the Complaint further contains one or more allegations pertaining to unknown employers and employees such that Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

24.    Paragraph 24 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

25.    Defendants admit the allegations contained in paragraph 25 of the Complaint.

26.    Defendants deny the allegations in paragraph 26 of the Complaint.

4925-3041-7849, v. 1

27.    Defendants admit that Erminia Restaurant Corp. maintained weekly pay periods for its employees, running from Monday to Sunday, and the scheduled payday is the Friday after the end of the pay period.   Defendants deny any remaining allegations in paragraph 27 of the Complaint.

28.    Defendants deny the allegations in paragraph 28 of the Complaint.

29.    Defendants deny the allegations in paragraph 29 of the Complaint.

30.    Defendants deny the allegations in paragraph 30 of the Complaint.

31.    Paragraph 31 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.   To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

32.    Defendants deny the allegations in paragraph 32 of the Complaint.

33.    Defendants deny the allegations in paragraph 33 of the Complaint.

34.    Defendants deny the allegations in paragraph 34 of the Complaint.

35.    Defendants deny the allegations in paragraph 35 of the Complaint.

36.    Defendants deny the allegations in paragraph 36 of the Complaint.

37.    Defendants deny the allegations in paragraph 37 of the Complaint.

38.    Defendants deny the allegations in paragraph 38 of the Complaint.

39.    Defendants deny the allegations in paragraph 39 of the Complaint.

40.    Defendants deny the allegations in paragraph 40 of the Complaint.

41.    Defendants deny the allegations in paragraph 41 of the Complaint.

42.    Defendants admit the allegations in paragraph 42 of the Complaint.

43.    Defendants deny the allegations in paragraph 43 of the Complaint.

44.    Defendants deny the allegations in paragraph 44 of the Complaint.

4925-3041-7849, v. 1

45.     In response to paragraph 45 of the Complaint, Defendants repeat and reincorporate by reference their responses to all preceding paragraphs.

46.     Paragraph 46 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

47.     Paragraph 47 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

50.     In response to paragraph 50 of the Complaint, Defendants repeat and reincorporate by reference their responses to all preceding paragraphs.

51.     Paragraph 51 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

52.     Paragraph 52 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     In response to paragraph 55 of the Complaint, Defendants repeat and reincorporate by reference their responses to all preceding paragraphs.

4925-3041-7849, v. 1

56.     Paragraph 56 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

57.     Paragraph 57 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

58.     Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Defendants deny the allegations in paragraph 59 of the Complaint.

60.     In response to paragraph 60 of the Complaint, Defendants repeat and reincorporate by reference their responses to all preceding paragraphs.

61.     Paragraph 61 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

62.     Paragraph 62 of the Complaint contains one or more legal conclusions to which no responsive pleading is required.  To the extent there are any factual allegations to which a responsive pleading is required, Defendants deny all such allegations.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

65.     In response to paragraph 65 of the Complaint, Defendants repeat and reincorporate by reference their responses to all preceding paragraphs.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

67.     Defendants deny the allegations in paragraph 67 of the Complaint.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69. In response to paragraph 69 of the Complaint, Defendants repeat and reincorporate by reference their responses to all preceding paragraphs.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. In response to paragraph 72 of the Complaint, Defendants repeat and reincorporate by reference their responses to all preceding paragraphs.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. In response to paragraph 75 of the Complaint, Defendants repeat and reincorporate by reference their responses to all preceding paragraphs.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

77. Defendants deny the allegations in paragraph 77 of the Complaint.

78. In response to paragraph 78 of the Complaint, Defendants repeat and reincorporate by reference their responses to all preceding paragraphs.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. In response to paragraph 81 of the Complaint, Defendants repeat and reincorporate by reference their responses to all preceding paragraphs.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint.

## **AFFIRMATIVE DEFENSES**

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

8

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief under the FLSA, the NYLL, the NYCRR, or any other applicable statute because he was fully and justly compensated for all time suffered or permitted to work.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff worked but was not compensated, Plaintiff is not entitled to any relief under the FLSA, the NYLL, the NYCRR or any other applicable statute because he worked without the knowledge of his employer and/or failed to inform his employer of the time worked.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief under the FLSA, the NYLL, the NYCRR or any other applicable statute because the alleged work activities which form the basis of his claims are *de minimis*.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the FLSA, the NYLL, and the NYCRR are barred to the extent that he seeks additional compensation for non-compensable preliminary and postliminary activities.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the FLSA, the NYLL, and the NYCRR are barred because Defendants acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, administrative practices, and enforcement policies of the state and federal departments of labor.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendants have acted without willfulness, in good faith, and with reasonable grounds for believing that they are and at all relevant times were complying with all applicable provisions of

9

the FLSA, the NYLL, and the NYCRR.  Accordingly, Plaintiff is barred from recovering liquidated damages under the FLSA, the NYLL, or the NYCRR.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that members of the putative class are or were "exempt" employees within the meaning of the FLSA or the NYLL.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members have received full payment for all work performed.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to sue on behalf of the purported members of the alleged class action.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any putative class members are barred, in whole or in part, by the doctrines of accord, satisfaction, estoppel, and waiver.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff does not satisfy the requirements for a collective action under 29 U.S.C. § 216(b) or a class action under Rule 23 of the Federal Rules of Civil Procedure or Rules 901, 902 of the New York Civil Practice Law and Rules.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages as a result of the maters alleged in the Complaint, such damages were caused in whole or in part by Plaintiff's own culpable conduct, including Plaintiff's failure to inform his supervisors of all time worked. Any judgment recovered by Plaintiff must be reduced in proportion to the extent that his culpable conduct contributed to the alleged damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Without conceding any arguments or defenses to the contrary, if the Court certifies a class action in this case, then Defendants assert the affirmative defenses set forth herein against each member of the certified class action.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not appropriate for collective action treatment because they are not similarly situated to the persons that they purport to represent, and thus cannot satisfy the requirements of a collective action under 29 U.S.C. § 216(b).

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

All of the employment decisions and actions concerning Plaintiff and the putative class were based on legitimate, non-discriminatory business considerations. Defendants had reasonable grounds to believe their actions at all times complied with all applicable laws and had no actual or constructive notice of any violation.  Defendants have not acted in reckless disregard of the law and, accordingly, have not engaged in any willful violation of the law.

## AS AND FOR A SEVENTEETH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any damages, and Defendants expressly deny that they were damages by any of their alleged actions or policies or practices, Plaintiff failed to make reasonable efforts to mitigate damages.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Certain putative class members' claims are subject to mandatory arbitration.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Certain putative class members waived their right to participate in a collective and/or class action.

11

4925-3041-7849, v. 1

## RESERVATION OF RIGHTS

Defendants reserve the right to assert such additional affirmative defenses or other defenses that may appear and prove applicable during the course of this action.

**WHEREFORE**, Defendants request judgment dismissing Plaintiff's Complaint with prejudice, together with costs and disbursements of this action, including attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        June 30, 2026

McLAUGHLIN & STERN, LLP


By: */s/ Jason S. Giaimo*
        Jason S. Giaimo
260 Madison Avenue
New York, New York 10016
Tel.: (212) 448-1100
jgiaimo@mclaughlinstern.com
*Attorneys for Defendants*

12

4925-3041-7849, v. 1