JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

45 Broadway, Suite 320
New York, NY 10006
Tel: 212-688-5640
Fax: 212-981-9587
www.jk-llp.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_________________
DATE FILED: 8/7/2026

**MEMORANDUM ENDORSED**

August 5, 2026

**VIA ECF**

Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: David v. Erminia Restaurant Corp.**
**No. 26 CV 3320**

Dear Judge Woods:

Together with the Law Offices of Jeffrey E. Goldman, we represent the Plaintiff in the above-referenced action. This is a putative collective/class action that asserts claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The Court has referred this matter to mediation. (Dkt. No. 17.) I write to respectfully request that the Court either (1) require Defendants to produce documents relating to the collective/class claims in advance of mediation or (2) permit Plaintiff to move for conditional certification of the FLSA collective and withdraw the mediation referral pending the outcome thereof. As set forth herein, given the class-wide allegations and the nature of this action, mediation at this early stage without class-wide data will simply not be productive and slow the course of this litigation.

By way of background, Plaintiff was employed by Defendants as a server at Lattanzi restaurant for several years. The complaint alleges that Defendants (1) repeatedly paid all employees (*i.e.*, both tipped and non-tipped employees) late and not on regular paydays; (2) paid tipped employees pursuant to a tip credit without providing the requisite notice; (3) paid tipped employees an incorrect overtime rate; (4) required tipped employees to share tips with a manager; (5) failed to pay all employees' New York's spread of hours compensation when their workdays lasted longer than 10 hours; and (6) failed to provide tipped employees with required wage notices upon hire. Thus, on behalf of a putative class/collective of all employees, the complaint asserts late payment claims under the FLSA and NYLL and a New York spread of hours claim. On behalf of a putative class/collective of all tipped employees, the complaint asserts FLSA and NYLL tip misappropriation and overtime claims and NYLL minimum wage and wage notice claims. In addition to the named Plaintiff, two individuals have filed consent to sue forms, joining this action as Opt-In Plaintiffs.

After Defendants filed their answer, we told Defendants' counsel that we wanted to mediate this case on a class basis and requested sample documents that would enable us to prepare a class-wide damage calculation. During a meet and confer call on July 20 and subsequent communications, Defendants' counsel stated that Defendants would not consent to a class mediation. Plaintiff intends to pursue this case as a class action and believes that a mediation at this time will be productive only if Defendants provide certain class-wide discovery.[1] *Cf. Ahmed Hegazy v. Halal Guys, Inc.*, No. 22 Civ. 1880, 2023 U.S. Dist. LEXIS 117112, at *9-12 (S.D.N.Y. July 7, 2023) (ordering pre-certification class discovery). Thus, either Defendants should be required to produce that class-wide discovery prior to mediation, or we respectfully request that the mediation referral be withdrawn so that Plaintiff can move for conditional certification.

If the Court withdraws the mediation referral, we respectfully request that this letter be treated as Plaintiff's pre-motion letter for the conditional certification motion. The FLSA contemplates the maintenance of collective actions by similarly situated employees. 29 U.S.C. § 216(b). Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Alonso v. Uncle Jack's Steakhouse, Inc.*, 648 F. Supp. 2d 484, 489 (S.D.N.Y. 2009).

The Second Circuit has "endorsed a widely accepted two-step approach" to collective certification. *Ahmed Hegazy v. Halal Guys, Inc.*, No. 22 Civ. 1880, 2022 U.S. Dist. LEXIS 159160, at *5 (S.D.N.Y. Sept. 1, 2022). "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred." *Scott v. Chipotle Mexican Grill, Inc.*, No. 12 CV 8333, 2017 U.S. Dist. LEXIS 62902, at *207-08 (S.D.N.Y. Mar. 29, 2017) (cleaned up).

At the first step, a plaintiff "need only make a modest factual showing that she and other potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Martinez v. JVA Indus.*, No. 20 CV 7977, 2021 U.S. Dist. LEXIS 66761, at *6 (S.D.N.Y. Apr. 6, 2021) (cleaned up). "Plaintiff's burden at the conditional certification stage is 'minimal.' Plaintiffs can meet this burden by showing that there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions." *Id*. at *7 (cleaned up). "Indeed, courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." *Id*. at *9-10 (cleaned up). "The court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations at this stage." *Ahmed Hegazy,* 2022 U.S. Dist. LEXIS 159160, at *6 (cleaned up).

[1] Plaintiff asked Defendants to provide the following documents before mediation: (1) complete time records and payroll records for the named and opt-in plaintiffs; (2) all wage notices provided to tipped employees from 2021 to present; (3) year-end payroll records for 2021 to 2025 for all putative class members; (4) 2026 year to date payroll records for all putative class members; (5) tip sheets for the first week of every other month from August 2021 to June 2026; (6) time records from the first week of every other month from August 2021 to June 2026 for all putative class members; and (7) a list of putative class members with their dates of employment and positions, with the option to redact employees' names.

Conditional collective certification is warranted here. Plaintiff seeks to conditionally certify the FLSA late payment claims for a collective of all non-exempt employees who worked at Lattanzi within three years before the filing of the complaint and the FLSA tip retention and overtime rate claims for a sub-collective of tipped employees who worked at Lattanzi within three years before the filing of the complaint.

The FLSA requires prompt payment of minimum wage and overtime wages, and employees may recover liquidated damages equal to their late paid minimum wage and overtime compensation. *See*, *e.g.*, *Leo v. Province Therapeutics, LLC*, No. 23 CV 5418, 2024 U.S. Dist. LEXIS 20802, at *18 (E.D.N.Y. Feb. 6, 2024); *Barone v. Inspire Summits LLC*, No. 20 CV 5978, 2022 U.S. Dist. LEXIS 139696, at *3 (E.D.N.Y. Aug. 4, 2022). Defendants repeatedly failed to pay their employees on their regularly scheduled payday, which was every Friday, instead often paying them at random intervals that could be as many as 25 days after the end of the pay period. As Defendants paid all employees late, they are similarly situated as to the late payment claims.

As to the tipped-employees' claims, Defendants included a manager named Andres in Lattanzi's tip pool. This violated the FLSA because Andres had hiring, firing, and scheduling authority. *See* 29 U.S.C. § 203(m)(2)(B) ("An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."); *Guevara v. Fine & Rare Operations LLC*, No. 20 CV 5330, 2022 U.S. Dist. LEXIS 4833 (S.D.N.Y. Jan. 10, 2022) (conditionally certifying collective of tipped employees who alleged that they were required to share tips with managers). Because all tipped employees participated in the tip pool, they are similarly situated as to this claim. *See Uddin v. O'Brien Rest. Holding Co.*, No. 16 CV 2098, 2016 U.S. Dist. LEXIS 205561, at *8 (S.D.N.Y. Nov. 21, 2016).

Finally, Defendants have a common policy of paying the incorrect overtime rate to tipped employees. Defendants paid tipped employees pursuant to a tip credit. While Plaintiff maintains that Defendants' use of the tip credit was unlawful because Defendants did not provide the required written notice, *see*, *e.g.*, *Mangahas v. Eight Oranges, Inc.*, 754 F. Supp. 3d 468, 496 (S.D.N.Y. 2024), even if it was permissible for Defendants to use a tip credit they paid tipped employees less than the tip credit overtime rate. The overtime rate for employees paid pursuant to a tip credit is calculated by multiplying their regular rate (in this case, the full New York minimum wage) by one and a half, and then subtracting the tip credit. *See* 29 C.F.R. § 531.60; 12 NYCRR § 146-1.4. Defendants paid tipped employees less than this amount. For example, pay records show that in 2025, Defendants paid the Named Plaintiff $10.65 per hour for regular hours and an overtime rate of $15.975, which is one and a half times $10.65. However, in 2025 the tip credit minimum wage was $11, the full minimum wage was $16.50, and the tip credit overtime rate was $19.25. Similarly, in 2026 pay records show that Defendants paid Opt-in Plaintiff Ismael Quechol a regular rate of $11.35 and an overtime rate of $17.025. In 2026 the tip credit minimum wage is $11.35, the full minimum wage is $17, and the tip credit overtime rate is $19.85. Accordingly, tipped employees are similarly situated as to the overtime rate claim.

For the foregoing reasons, we respectfully request that the Court order Defendants to produce class-wide pre-mediation discovery or withdraw the mediation referral and permit Plaintiff to move for conditional certification of the FLSA collective.

Respectfully submitted,

/s/ Denise A. Schulman
Denise A. Schulman

cc: All counsel (via ECF)

The referral to the Southern District of New York's Mediation Program, Dkt. No. 17, is withdrawn. The Court will issue a separate order referring this case to Magistrate Judge Gorenstein for further proceedings. The Clerk of Court is directed to terminate the motion pending at Dkt. No 19.

SO ORDERED.

Dated: August 7, 2026

GREGORY H. WOODS
United States District Judge