**McLAUGHLIN & STERN, LLP**
**FOUNDED 1898**

**JASON S. GIAIMO**
Partner
jgiaimo@mclaughlinstern.com
(212) 448-1100

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

GARDEN CITY, NY
MILLBROOK, NY
WESTPORT, CT
WEST PALM BEACH, FL
NAPLES, FL
WESTFIELD, NJ

August 21, 2026

**VIA ECF**
Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** ***David v. Erminia Restaurant Corp., d/b/ Lattanzi Cucina Italiana, et al.***
**Case No.: 1:26-cv-03320-GHW**

Dear Judge Gorenstein:

We represent the Defendants in the above-referenced action. We write pursuant to Rule 2(A) of Your Honor's Individual Practices and in response to the letter motion of Plaintiff Buddy David ("Plaintiff") seeking leave to file a motion for collective certification pursuant to 29 U.S.C. § 216(b). *See* Dkt. No. 25.[1] As further set forth herein, Defendants respectfully submit that Plaintiff's motion be denied in its entirety.

**A. Relevant Factual Background**

By way of background, Erminia Restaurant Corp. operates Lattanzi Cucina Italiana ("Lattanzi"), a small family-owned Italian restaurant located in the Theatre District of New York City. Plaintiff was employed by Lattanzi as a waiter and commenced this proposed collective and class action lawsuit alleging that Lattanzi failed to pay Plaintiff and other hourly employees on regular paydays, paid tipped employees without providing requisite notice, paid employees an incorrect overtime rate, required employees to share tips with a manager, and failed to pay employes spread of hours compensation for workdays lasting longer than 10 hours.

On June 30, 2026, Judge Woods issued a Mediation Referral Order, requiring the parties to mediate Plaintiff's dispute. *See* Dkt. No. 17. Although the Mediation Referral Order made no mention whatsoever to class-wide mediation, Plaintiff nevertheless refused to participate in the mediation unless Defendants agreed to mediate on behalf of the putative class. Despite that Defendants confirmed that they remained ready, willing, and able to proceed with mediation of

[1] Notably, despite citing to Your Honor's Individual Practices, which clearly provide that a pre-motion conference is "required where the proposed motion is returnable before Judge Gorenstein," Plaintiff nevertheless requests leave to file a motion for collective certification, presumably in lieu of a pre-motion conference and in contravention of Your Honor's Individual Practice.

Plaintiff's individual claims (and those of the opt-in Plaintiffs) in accordance with the Mediation Referral Order, Plaintiff filed a motion seeking to vacate the Mediation Referral Order (*see* Dkt. No. 19), which Judge Woods granted. *See* Dkt. No. 20.

Now, Plaintiff seeks leave to move for collective certification solely based on Plaintiff's self-serving and untested assertions.

**B. <u>Plaintiff's Motion for Leave to Move for Collective Certification Should be Denied</u>**

While the burden on the plaintiff at the collective certification stage is modest, "it is not non-existent." *Khan v. Airport Mgmt. Servs., LLC*, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011); *see also Guillen v. Marshalls of MA, Inc.*, 750 F.Supp.2d 469, 480 (S.D.N.Y.2010) ("In presenting evidence on the appropriateness of granting collective action status, the plaintiff's burden may be very limited, and require only a modest factual showing, but the burden is not nonexistent and the factual showing, even if modest, must still be based on some substance."). To this end, the "modest factual showing cannot be satisfied simply by unsupported assertions.'" *Khan*, 2011 WL 5597371 at *3 (denying conditional certification) (quotations omitted); *see also Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 695 (N.D.N.Y. 2015) (denying conditional certification where the plaintiff merely submitted the complaint, his affidavit, and his attorney's declaration in support).

Here, Plaintiff has failed to put forth even a scintilla of evidence as to how he is similarly situated with other employees, instead relying on his untested and self-serving contentions, many of which are flatly contradicted by the documentary evidence. For example, Plaintiff alleges that Defendants failed to provide Plaintiff with an appropriate pay rate acknowledgement form. This is false. Annexed hereto as **Exhibit 1** is the pay rate acknowledgement form executed by Plaintiff at the commencement of his employment.

Likewise, Plaintiff alleges that a "manager named Andres" improperly shared in Lattanzi's tip pool. However, Andres is not a manager. He is a head waiter who has no authority to hire, fire, or schedule employees. Accordingly, Andres permissibly participated in Lattanzi's tip pool as an hourly non-exempt employee. Plaintiff's mere say-so does not change this result.

Similarly, Plaintiff's suggestion that Lattanzi failed to compensate Plaintiff and other employees for all hours worked is belied by the contemporaneous time punch data and corresponding pay stubs, which reflect that Lattanzi compensates employees to the minute for all hours worked. Annexed hereto as **Exhibit 2** is a representative exemplar of Plaintiff's time and pay records confirming as much.

Self-evidently, Plaintiff's request for leave to move for collective certification is entirely premature, based exclusively on Plaintiff's self-serving and unsupported assertions, and amounts to nothing more than a fishing expedition conducted by Plaintiff to drive up Defendants' expenses in the hopes of extracting a class-wide settlement.

For these reasons, we respectfully request that Plaintiff's request be denied in its entirety.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

*/s/ Jason S. Giaimo*
Jason S. Giaimo

cc: All Counsel of Record (via ECF)