**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

**BUDDY DAVID, on behalf of himself and others similarly situated,**

**Plaintiff,**

**v.**

**ERMINIA RESTAURANT CORP., d/b/a LATTANZI CUCINA ITALIANO, and ALESSANDRO LATTANZI,**

**Defendants.**

---------------------------------------------------------x

**Case No: 26 Civ. 3320 (GHW) (GWG)**

**PROPOSED SCHEDULING ORDER**

1. Party appearances

**For Plaintiff and Opt-In Plaintiffs:**

Jeffrey Goldman
Law Offices of Jeffrey E. Goldman
260 Madison Avenue, 15th Floor
New York, NY 10016
212-983-8999
jeff@jgoldmanlaw.com

D. Maimon Kirschenbaum
Denise Schulman
Joseph & Kirschenbaum LLP
45 Broadway, Suite 320
New York, NY 10006
212-688-5640
maimon@jk-llp.com
denise@jk-llp.com

**For Defendants:**

Jason Giaimo
McLaughlin and Stern, LLP
260 Madison Avenue
New York, NY 10016
212-455-0311
jgiaimo@mclaughlinstern.com

2. Statement of issues

   a. Whether an FLSA collective should be conditionally certified.

   b. Whether a Rule 23 class should be certified.

   c. Whether Defendants timely paid Plaintiffs and other non-exempt employees.

   d. Whether Defendants paid Plaintiffs and other non-exempt employees spread of hours compensation when their workdays spanned more than 10 hours.

   e. Whether Defendants paid Plaintiffs and other non-exempt employees for all overtime hours worked.

   f. Whether Defendants provided Plaintiffs and other non-exempt employees with valid wage notices upon hire.

   g. Whether Defendants lawfully paid Plaintiffs and other tipped employees pursuant to a tip credit.

   h. Whether Defendants paid Plaintiffs and other tipped employees the proper overtime rate.

   i. Whether Defendants included a tip-ineligible employee in Lattanzi's tip pool.

3. Proposed schedule

   a. Initial document requests and interrogatories to be served by September 10, 2026.

   b. Amended pleadings to be filed by November 30, 2026.

   c. Parties to be joined by November 30, 2026.

   d. The parties do not know the names of all non-expert witnesses who will be deposed. However, deponents will likely include Plaintiff Buddy David, Opt-In Plaintiffs Galo Aroca and Ismael Quechol, and Defendant Alessandro Lattanzi.

   e. Non-expert discovery to be completed by April 27, 2027. The parties may seek an extension of this deadline if conditional collective certification and/or Rule 23 class certification is granted.

   f. Plaintiff may call a damages expert. In the event Plaintiffs intends to rely upon a damages expert, Defendants reserve the right to submit a rebuttal report/testimony. The parties shall submit a proposed schedule for expert discovery following the completion of collective and class certification motion practice.

g. Pretrial motions will be filed by May 28, 2027. The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing, or other requirements for dispositive motions.

4. Limitations to be placed on discovery

The parties are submitting a proposed protective order to the Court with this Proposed Scheduling Order.

5. Discovery issues

The parties dispute the appropriate scope of class discovery prior to class certification.

**Plaintiff's position**

The NYLL claims in this action are asserted on a class-wide basis, and Plaintiff intends to seek class certification under Rule 23. In order to establish the Rule 23 requirements, Plaintiff intends to seek class-wide discovery, such as putative class members' time and payroll records, schedules, wage notices, wage statements, and tip sheets, as well as the positions and dates of employment of putative class members, prior to class certification.

"It is well established that plaintiffs may be entitled to discovery even though a class has not yet been certified." *Marin v. Apple-Metro, Inc.*, No. 12 CV 5274, 2023 U.S. Dist. LEXIS 27089, at *11 (E.D.N.Y. Feb. 8, 2023). Such discovery "is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate." *Rahman v. Smith & Wollensky Rest. Group, Inc.*, No. 06 Civ. 6198, 2007 U.S. Dist. LEXIS 37642, at *9 (S.D.N.Y. May 24, 2007). Here, the class records and information that Plaintiff seeks are relevant to establishing whether putative class members were subject to the same compensation practices (which impacts typicality, commonality, and predominance) and whether numerosity is satisfied. Under these circumstances, courts routinely order class-wide production of the categories of documents that Plaintiff seeks prior to class certification. *E.g.*, *Hegazy v. Halal Guys, Inc.*, No. 22 Civ. 1880, 2023 U.S. Dist. LEXIS 117112, at *8-12 (S.D.N.Y. July 7, 2023) (ordering production of class-wide compensation and hours information); *Marin*, 2023 U.S. Dist. LEXIS 27089, at *7 (ordering production of 16 years of payroll and timekeeping records from more than 30 locations); *Pagan v. C.I. Lobster Corp.*, No. 20 CV 7349, 2021 U.S. Dist. LEXIS 177587, at *6 (S.D.N.Y. Sept. 17, 2021) (ordering production of "wage-and-hour and compensation-related documents, addressed below, for all members of the New York Class . . . because that information would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate") (internal quotation marks omitted); *Mogollan v. La Abundancia Bakery & Rest., Inc.*, No. 18 CV 3202, 2019 U.S. Dist. LEXIS 191115, at *20 (S.D.N.Y. Nov. 4, 2019) (ordering production of "all non-exempt employees['] . . . payroll records, time records, wage-and-hour notices, wage statements, tip credit notices and tip records"); *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. 2016) (ordering production of putative class members' "wage and hour documents, tip records, records

relating to defendants' commission payments, and defendant['s] text messages as they relate to all non-exempt employees in the six years prior to the complaint"); *see also*, *e.g.*, *Ortega v. Trident Restoration, Inc.*, No. 23 CV 01927 (S.D.N.Y. Aug. 3, 2023) (Dkt. No. 56 at 2-3). Accordingly, Plaintiff respectfully requests that the Court Order Defendants to produce class-wide discovery.

**Defendants' position**

As Plaintiff has not yet served any discovery demands, it is premature to determine the appropriate scope of discovery. To the extent, however, the Court is inclined to consider Plaintiff's request, and to the extent that Plaintiff seeks class-wide discovery of the putative class members' time and payroll records, such request should be denied at this juncture. For starters, Plaintiff has already requested and received approval to move for collective certification. *See* Dkt. No. 19; Dkt No. 20. As such, Plaintiff has effectively represented to the Court that Plaintiff is in a position to seek such relief without the need for voluminous and burdensome class-wide discovery. While Defendants reserve all rights regarding Plaintiff's anticipated motion for collective certification, at minimum, that Plaintiff has already requested leave to move for collective certification without receipt of class-wide discovery undercuts any suggestion that Plaintiff requires such discovery at this stage. To the extent that Plaintiff argues that he requires class-wide discovery in anticipation of moving for Rule 23 certification, Defendants are willing to re-visit this issue pending the outcome of Plaintiff's motion for collective certification.

Substantively, moreover, while Plaintiff alleges that it is "well established" that Plaintiff may be entitled to pre-certification class-wide discovery, numerous courts have rejected the very relief sought by Plaintiff. *See, e.g.*, *Charles v. Nationwide Mut. Ins. Co.*, 2010 7132173, at *4–8 (E.D.N.Y. May 27, 2010) (denying motion to compel class-wide records of putative class members, noting that "plaintiff provided the Court with nothing more than conclusory and bare allegations in support of her request"); *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 466 (E.D.N.Y. 2014) (same).

And, to the extent that Plaintiff intends to seek the putative class members' names and contact information, such a request should be denied as Plaintiff has made no showing that communication with individual members of the putative class is necessary to support his assertions under Rule 23. *See Benavides v. Serenity Spa NY Inc.*, 266 F. Supp. 3d 474, 491 (S.D.N.Y. Aug. 3, 2016); *see also Season v. Concord Mortgage Corp.,* 2008 WL 961624, at *1 (E.D.N.Y. Apr. 8, 2008).

6. <u>Anticipated length of trial</u>

The anticipated length of trial is five days. Plaintiff has requested a jury trial.

7. <u>Timing of settlement discussions</u>

The parties believe settlement discussions with the assistance of a mediator should take place following the close of any FLSA opt-in period. The parties will decide at that time whether to retain a private mediator.

8. Counsel shall confer with one another by telephone or in person within 30 days of the date of this Order regarding production of electronically stored information (ESI), including but not limited to sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of ESI; and any limitations or anticipated difficulties regarding discovery or production of ESI.

   All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any application for an extension of time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application and in accordance with this Court's Individual Practices. Any application not in compliance with this paragraph will be denied. To the extent a party expects to produce electronically stored information, the parties shall promptly discuss the protocols for the search and review of such material.

   Discovery applications – that is, any application or motion pursuant to Rules 26 through 37 or 45 – not only must comply with ¶ 2.A. of the Court's Individual Practices but also must be made promptly after the cause for such application arises. In addition, absent extraordinary circumstances no such application will be considered if made later than 30 days prior to the close of discovery. Untimely applications will be denied.

   The parties conferred on August 20, 2026 concerning the production of ESI and agree that given the likelihood that there is minimal to no relevant email correspondence, an ESI protocol is unnecessary. To the extent that there exists relevant, non-privileged email communications and/or text messages, such documents will be produced in the ordinary course of discovery.

**SO ORDERED:**

________________________________

Honorable Gabriel W. Gorenstein
United States Magistrate Judge