UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BUDDY DAVID, on behalf of himself and others similarly situated,

Plaintiff,

v.

ERMINIA RESTAURANT CORP., d/b/a LATTANZI CUCINA ITALIANA, and ALESSANDRO LATTANZI,

Defendants.

Case No.: 1:26-cv-03320-GHW-GWG

**PROTECTIVE ORDER**

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential

documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. This Protective Order is being entered into to facilitate the production, exchange and discovery of documents and information that may merit confidential treatment (hereinafter, the "Documents" or "Testimony").

2. Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action as "Confidential Information" either by notation on each page of the Document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain: (i) trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as Confidential Information, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients; and/or (ii) information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-

party designating the material as Confidential Information, contains personal and/or confidential information of any individual; and/or (iii) information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as Confidential Information, be detrimental to such Party or non-party, the conduct of that Party's business or the business of any of that Party's business, employees, vendors, customers, or clients.

(b) "Producing Party" shall mean the parties to this action and any non-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the Party or non-party asserting the confidentiality privilege, as the case may be.

(c) "Receiving Party" shall mean the Parties to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not agree with the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party shall have the burden of moving the Court within thirty (30) days of receipt of the Producing Party's refusal to de-designate such document or material for an Order seeking appropriate relief. The Documents or Testimony or other material shall continue to be treated as "Confidential Information" pending resolution of any motion for an order seeking a determination regarding the appropriateness of the Confidential Information designation. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or

information as Confidential Information.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) Plaintiffs (including Opt-In Plaintiffs) or Defendants, including personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceedings herein and who have been advised of their obligations hereunder;

(b) counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceedings herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(d) the Court and court personnel;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(f) any mediator assigned by the Court or retained by the Parties to mediate this action;

(g) trial and deposition witnesses, including persons who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof;

(h) as to any document, its author, its addressee, and any other person explicitly indicated on the face of the document as having received a copy;

(i) as to employment records, the subject of those records; and

(j) any other person agreed to by the Parties or so ordered by the Court.

6. Confidential Information shall be utilized by the Receiving Party and its counsel only for the purpose of this litigation and for no other purpose.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Order and obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. All depositions shall presumptively be treated as Confidential Information and subject to this Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen-day period, the deposition shall be classified appropriately. If no designation is made within fifteen (15) days, the Testimony shall be deemed not Confidential Information.

9. This Order shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" under the terms hereof. Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Order and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being presented with a copy of the Order, a witness refuses to execute the agreement to be bound by this Order, the Court shall, upon application, enter an order directing the witness's compliance with the Order.

10. A Party may designate as Confidential Information subject to this Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter time period), all such Documents and Testimony shall be treated as Confidential Information.

11. If at any time prior to the trial of this action, the Producing Party realizes that

some portion(s) of Document and/or Testimony that she, he, or it had previously produced without limitation should be designated as Confidential Information, she, he, or it may so designate by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Documents and/or Testimony will thereafter be deemed to be and treated as Confidential Information under the terms of this Protective Order.

12. All persons seeking to file redacted documents or documents under seal with the Court shall comply with this Court's Individual Rules and Practices in Civil Cases prior to doing so.

13. Extracts and summaries of Confidential Information shall also be treated as Confidential Information in accordance with the provisions of this Order.

14. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Order shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

15. This Order is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under applicable law.

16. This Order shall continue to be binding after the conclusion of this litigation except that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal and that a Receiving Party may seek the written permission

of the Producing Party or further order of the Court with respect to dissolution or modification of the Order. The provisions of this Order shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action.

17. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed during disclosure.

18. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary herein, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Order shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter. This paragraph does not apply to the Court.

19. If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency,

Case 1:26-cv-03320-GHW-GWG Document 27 Filed 08/24/26 Page 9 of 11

or legislative body, the Receiving Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

20. This Order may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**SO ORDERED:**

________________________________
Honorable Gabriel W. Gorenstein
United States Magistrate Judge

August 24, 2026

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BUDDY DAVID, on behalf of himself and others similarly situated,

Plaintiff,

v.

ERMINIA RESTAURANT CORP., d/b/a LATTANZI CUCINA ITALIANA, and ALESSANDRO LATTANZI,

Defendants.

Case No.: 1:26-cv-03320-GHW-GWG

**AGREEMENT WITH RESPECT TO CONFIDENTIAL INFORMATION**

I, ________________, state that:

1. My address is ______________________________________________________.

2. My present occupation or job description is _______________________________.

3. I have received a copy of the Protective Order (the "Order") entered in the above-entitled action on ____________________.

4. I have carefully read and understand the provisions of the Order.

5. I will comply with all of the provisions of the Order.

6. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

7. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

8. I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Order in this action.

Dated: ________________

____________________